**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARC BLOCK, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RBS CITIZENS, NATIONAL ASSOCIATION, INC., d/b/a "Charter One",<br><br>Defendant. | 1:15-CV-01524 (JHR) (JS) |

**ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT AND CERTIFYING SETTLEMENT CLASS**

The parties to the above-captioned action currently pending against Citizens Bank, N.A. ("Citizens"), erroneously sued herein as RBS Citizens, National Association, Inc., have agreed to a settlement, the terms and conditions of which are set forth in an executed Amended Settlement Agreement and Release (the "Settlement"). The parties reached the Settlement through arms'-length negotiations. Under the Settlement, subject to the terms and conditions therein and subject to Court approval, Plaintiff and the proposed Settlement Class would fully, finally, and forever resolve, discharge, and release their claims in exchange for Citizens' total payment of $612,294, inclusive of all attorneys' fees and costs and a Service Award to Plaintiff, to create a common fund to benefit the Settlement Class. In addition, Citizens has agreed to pay all fees and costs associated with providing notice to the Settlement Class and for Settlement Administration.

The Settlement has been filed with the Court, and Plaintiff has filed an Unopposed Motion for Preliminary Approval of Class Settlement with Defendant Citizens, and for Certification of the Settlement Class (the "Motion"). Upon consideration of the Motion and exhibits thereto, the Settlement, the record in these proceedings, the representations, argument and recommendations of

counsel, and the requirements of law, the Court finds that: (1) this Court has jurisdiction over the subject matter and parties to these proceedings; (2) the proposed Settlement Class meets the requirements of Federal Rule of Civil Procedure 23 and should be certified for settlement purposes only; (3) the person and entities identified below should be appointed class representative and Settlement Class Counsel; (4) the Settlement is the result of informed, good-faith, arms'-length negotiations between the parties and their capable and experienced counsel and is not the result of collusion; (5) the Settlement is within the range of reasonableness and should be preliminarily approved; (6) the proposed Notice Program and proposed forms of Notice satisfy Federal Rule of Civil Procedure 23 and Constitutional Due Process requirements, and are reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, class certification, the terms of the Settlement, Settlement Class Counsel's application for an award of attorneys' fees and expenses ("Fee Application") and request for a Service Award for Plaintiff, and their rights to opt-out of the Settlement Class and object to the Settlement, Settlement Class Counsel's Fee Application, and/or the request for a Service Award for Plaintiff; and (7) good cause exists to schedule and conduct a Final Approval Hearing, pursuant to Federal Rule of Civil Procedure 23(e), to assist the Court in determining whether to grant final approval of the Settlement and enter Final Judgment, and whether to grant Settlement Class Counsel's Fee Application and request for a Service Award for Plaintiff.

Based on the foregoing, **IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1. As used in this Order, capitalized terms shall have the definitions and meanings accorded to them in the Settlement.

2. The Court has jurisdiction over the subject matter and parties to this proceeding pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this District.

Provisional Class Certification and Appointment of Class Representatives and Class Counsel

4. "In addition to doing a preliminary evaluation of the fairness of the settlement in the first step of the judicial review process, it is also necessary to determine if class certification is appropriate." Zimmerman v. Zwicker & Assocs., P.C., No. 09-3905 (RMB/JS), 2011 U.S. Dist. LEXIS 2161, at **8-9 (D.N.J. Jan. 10, 2011) (J. Schneider). "In this context, some courts make only a preliminary determination that the proposed claims satisfy the criteria set out in Fed. R. Civ. P. 23(a) and at least one of the subsections of Rule 23(b)." Id. (citing Manual for Complex Litigation §21.632 (4th ed. 2006) ("The judge should make a preliminary determination that the proposed class satisfies the criteria set out in Rule 23(a) and at least one of the subsections of Rule 23(b).")).

5. The Court finds, for settlement purposes, that the Rule 23 factors are present and that certification of the proposed Settlement Class is appropriate under Rule 23. The Court, therefore, provisionally certifies the following Settlement Classes:

(a) All persons in the United States who have or had an Account that (i) was on Citizens' systems between December 1, 2008 and December 22, 2015; (ii) was charged a Usage Fee when the Account's Usage Percentage was equal to, or greater than, the percentage required to avoid a Usage Fee, and (iii) the Usage Fee was assessed between (x) the time the Account was converted to Citizens' systems or the time the Account was originated at Citizens, and (y) December 22, 2015 ("Usage Fee Class"); and

(b) All persons in the United States who have or had an Account that (i) included a rider or otherwise prohibited or waived Usage Fees for the life of the Account; (ii) was on Citizens' systems between December 1, 2008 and December 22, 2015; and (iii) was assessed a Usage Fee between (x) the time the Account was converted to Citizens' systems or the time the Account was originated at Citizens, and (y) December 22, 2015 ("Usage Fee Rider Class").

6. Specifically, the Court finds, for settlement purposes, that the Settlement Class satisfies the following factors of Federal Rule of Civil Procedure 23:

(a) Numerosity: In the Action, the parties have determined that over 2,900 individuals, spread out across the country, are members of the proposed Settlement Class. Their joinder is impracticable. Thus, the Rule 23(a)(1) numerosity requirement is met. See Stewart v. Abraham, 275 F.3d 220, 226-27 (3d Cir. 2001) ("No minimum number of plaintiffs is required to maintain a suit as a class action, but generally if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40, the first prong of Rule 23(a) has been met."); Consol. Rail Corp. v. Town of Hyde Park, 47 F.3d 473, 483 (2d Cir. 1995) (stating that "numerosity is presumed at a level of 40 members").

(b) Commonality: The threshold for commonality under Rule 23(a)(2) is not high. See In re Chiang, 385 F.3d 256, 265 (3d Cir. 2004) (holding that the Rule 23(a)(2) commonality requirement "is not a high bar"); see also Neal v. Casey, 43 F.3d 48, 56 (3d Cir. 1994) ("Because the [Rule 23(a)(2) commonality] requirement may be satisfied by a single common issue, it is easily met . . . ."). Here, the commonality requirement is satisfied because there are multiple questions of law and fact that center on Citizens' class-wide policies and practices and are common to the Settlement Class.

(c) Typicality: The Plaintiff's claims are typical of the Settlement Class for purposes of the Settlement because they concern the same alleged Citizens policies and practices, arise from the same legal theories, and allege the same types of harm and entitlement to relief. Rule 23(a)(3) is therefore satisfied. See Stewart, 275 F.3d at 227-28 ("Factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the [absent] class members, and if it is based on the same legal theory.").

(d) Adequacy: Adequacy under Rule 23(a)(4) relates to: (1) whether the

proposed class representatives have interests antagonistic to the Settlement Class; and (2) whether the proposed class counsel has the competence to undertake the litigation at issue. See Bogosian v. Gulf Oil Corp., 561 F.2d 434, 449 (3d Cir. 1977) (holding that Rule 23(a)(4) requires the absence of any actual conflict of interest between the representative plaintiff and other class members, and the presence of competent counsel to represent the class), cert. denied, 434 U.S. 1086 (1978). Rule 23(a)(4) is satisfied here because there are no conflicts of interest between the Plaintiff and the Settlement Class, and Plaintiff has retained competent counsel to represent him and the Settlement Class. Settlement Class Counsel here regularly engage in consumer class litigation and other complex litigation similar to the present Action, and have dedicated substantial resources to the prosecution of the Action. Moreover, the Plaintiff and Settlement Class Counsel have vigorously and competently represented the Settlement Class Members' interests in the Action.

(e) Predominance and Superiority: Rule 23(b)(3) is satisfied for settlement purposes, as well, because the common legal and alleged factual issues here predominate over individualized issues, and resolution of the common issues for approximately 2,900 of Settlement Class Members in a single, coordinated proceeding is superior to approximately 2,900 individual lawsuits addressing the same legal and factual issues. Under Rule 23(b)(3), "[c]ommon issues of fact and law predominate if they have a direct impact on every class member's effort to establish liability that is more substantial than the impact of individualized issues in resolving the claim or claims of each class member." Sacred Heart Health Sys. v. Humana Military Healthcare Servs., 601 F.3d 1159, 1170 (11th Cir. 2010) (citations and alterations omitted); see also Sullivan v. DB Invs., Inc., 667 F.3d 273, 299-300 (3d Cir. 2011) (holding that the predominance requirement is met where there is a "common course of conduct" by the defendant that predominates over any individual issues and can be established through common proof). Based on the record currently before the Court, the predominance requirement is satisfied here for settlement purposes because common

questions present a significant aspect of the case and can be resolved for all Settlement Class Members in a single common judgment.

7. The Court appoints the following person as class representative: Marc Block.

8. The Court appoints the following persons and entities as Class Counsel:

Stephen P. DeNittis, Esq.
Joseph A. Osefchen, Esq.
Shane T. Prince, Esq.
DeNittis Osefchen, P.C.
5 Greentree Center, Suite 410
Marlton, New Jersey 08053
Tel: (856) 797-9951

Preliminary Approval of the Settlement

9. "Review of a proposed class action settlement is a two-step process: preliminary approval and a subsequent fairness hearing." Jones v. Commerce Bancorp, Inc., No. 05-5600, 2007 U.S. Dist. LEXIS 52144, at *4 (D.N.J. July 16, 2007) (Kugler, J.) (citation omitted). "Preliminary approval is not binding, and it is granted unless a proposed settlement is obviously deficient." Id. "Preliminary approval is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies and the settlement falls within the range of reason." Zimmerman, 2011 U.S. Dist. LEXIS 2161, at *7.

10. The Court preliminarily approves the Settlement, and the exhibits appended to the Motion, as fair, reasonable and adequate. The Court finds that the Settlement was reached in the absence of collusion, and is the product of informed, good-faith, arms'-length negotiations between the parties and their capable and experienced counsel. The Court further finds that the Settlement, including the exhibits appended to the Motion, is within the range of reasonableness and possible judicial approval, such that: (a) a presumption of fairness is appropriate for the purposes of preliminary settlement approval; and (b) it is appropriate to effectuate notice to the Settlement Class,

as set forth below and in the Settlement, and schedule a Final Approval Hearing to assist the Court in determining whether to grant final approval to the Settlement and enter final judgment.

Approval of Notice and Notice Program and Direction to Effectuate Notice

11. The Court approves the form and content of the Notice to be provided to the Settlement Class, substantially in the forms attached as Exhibits 2 and 3 to the Motion. The Court further finds that the Notice Program, described in Section VI of the Settlement, is the best practicable under the circumstances. The Notice Program is reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, class certification, the terms of the Settlement, their rights to opt-out of the Settlement Class and object to the Settlement, Class Counsel's Fee Application, and the request for a Service Award for Plaintiff. The Notice and Notice Program constitute sufficient notice to all persons entitled to notice. The Notice and Notice Program satisfy all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23 and the Constitutional requirement of Due Process.

12. The Court directs that Kurtzman Carson Consultants ("KCC") act as the Settlement Administrator.

13. The Settlement Administrator shall implement the Notice Program, as set forth below and in the Settlement, using substantially the forms of Notice attached as Exhibits 2 and 3 to the Amended Settlement Agreement and approved by this Order. Notice shall be provided to the Settlement Class Members pursuant to the Notice Program, as specified in Section VI of the Settlement and approved by this Order. The Notice Program shall include Mailed Notice and Long-Form Notice on the Settlement Website, as set forth in the Settlement, the exhibits appended to the Motion, and below.

*Mailed Notice Program*

14. The Settlement Administrator shall administer the Mailed Notice Program. To facilitate the notice process, within 30 days of this Order, Citizens and its counsel will provide to the Settlement Administrator in an electronically searchable and readable format, a Class List that includes the names, and last known mailing addresses, for all identifiable Settlement Class Members as such information is contained in the reasonably available account records, subject to the availability of information in reasonably accessible electronic form, maintained by Citizens.

15. Within 30 days from the date that the Settlement Administrator receives the Class List from Citizens, the Settlement Administrator shall run the addresses through the National Change of Address Database, and shall mail to all such Settlement Class Members the Mailed Notice.

16. Within seven days after the date the Settlement Administrator completes the Mailed Notice, the Settlement Administrator shall provide Settlement Class Counsel and Citizens with an affidavit that confirms that the Mailed Notice Program was completed in accordance with this Order. Settlement Class Counsel shall file that affidavit with the Court as an exhibit to or in conjunction with Plaintiff's Motion for Final Approval of the Settlement.

17. All costs associated with the Mailed Notice Program shall be paid by Citizens, as set forth in the Settlement.

*Settlement Website and Toll Free Settlement Line*

18. The Settlement Administrator shall establish a Settlement Website as a means for Settlement Class Members to obtain notice of, and information about, the Settlement. The Settlement Website shall be established as soon as practicable following Preliminary Approval, but prior to the commencement of the Notice Program. The Settlement Website shall include hyperlinks to the Settlement, the Long-Form Notice, this Order, and such other documents as Settlement Class

Counsel and counsel for Citizens agree to post or that the Court orders posted on the Settlement Website. These documents shall remain on the Settlement Website at least until distribution of the Net Settlement Fund has been made to Settlement Class Members as provided in Section III of the Settlement.

19. The Settlement Administrator shall establish and maintain a toll-free telephone line for Settlement Class Members to call with Settlement-related inquiries, and answer the questions of Settlement Class members who call with or otherwise communicate such inquiries.

20. KCC is directed to perform all other responsibilities under the Notice Program assigned to the Settlement Administrator in the Settlement.

Final Approval Hearing, Opt-Outs, and Objections

21. The Court directs that a Final Approval Hearing shall be scheduled for June 21, 2017 [a date not sooner than 156 days after the Court enters this Order] at 11 a.m./~~p.m.~~, to assist the Court in determining whether to grant Final Approval to the Settlement and enter the Final Approval Order and Judgment, and whether Class Counsel's Fee Application and request for a Service Award for Plaintiff should be granted.

22. The Court directs that any person within the Settlement Class definition who wishes to be excluded from the Settlement Class may exercise their right to opt-out of the Settlement Class by following the opt-out procedures set forth in the Long-Form Notice at any time during the Opt-Out-Period. To be valid and timely, opt-out requests must be postmarked on or before the last day of the Opt-Out Period (the "Opt-Out Deadline"), which is 45 days after the Notice Date, and mailed to the address indicated in the Long-Form Notice, and must include:

(i) the full name, telephone number, address, and HELOC account number of the person seeking to be excluded from the Settlement Class;

(ii) a statement that such person wishes to be excluded from the Citizens Settlement in Block v. RBS Citizens, N.A., Inc., 1:15-CV-01524 (JHR) (JS); and

(iii) the signature of the person seeking to be excluded from the Settlement Class.

The Opt-Out Deadline shall be 45 days after the Notice Date and shall be specified in the Mailed Notice and Long-Form Notice. All persons within the Settlement Class definition who do not timely and validly opt-out of the Settlement Class shall be bound by all determinations and judgments in the Action concerning the Settlement, including, but not limited to, the Releases set forth in Section IX of the Settlement.

23. The Court further directs that any person in the Settlement Class who does not opt-out of the Settlement Class may object to the Settlement, Settlement Class Counsel's Fee Application and/or the request for a Service Award for Plaintiff. Any such objections must be filed with the Court, with copies provided to the Settlement Administrator, Settlement Class Counsel, and counsel for Citizens, at the addresses indicated in the Long-Form Notice. For an Objection to be considered by the Court, the Objection must set forth:

(i) the case name, Block v. RBS Citizens, N.A., Inc., 1:15-CV-01524 (JHR) (JS);

(ii) the objector's full name, address, and telephone number;

(iii) an explanation of the basis upon which the objector claims to be a Settlement Class Member;

(iv) all grounds for the Objection, accompanied by any legal support for the Objection known to the objector or his counsel;

(v) the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the Objection to the Settlement or fee application;

(vi) the identity of all counsel representing the objector who will appear at the Final Approval Hearing;

(vii) a list of all persons who will be called to testify at the Final Approval Hearing in support of the Objection; and

(viii) a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing.

For an Objection to be considered by the Court, the Objection must also be mailed first-class postage prepaid or by private courier (e.g., Federal Express) and addressed in accordance with the instructions, and the postmark date (for first-class mail) or shipping date (for private courier) indicated on the envelope must be no later than the last day of the Opt-Out Period, as specified in the Notice.

24. A Settlement Class Member or his or her attorney intending to make an appearance at the Final Approval Hearing must: (a) file a notice of appearance with the Court no later than thirty (30) days prior to the Final Approval Hearing; and (b) serve a copy of such notice of appearance on all counsel for all Parties. Any Settlement Class Member who fails to comply with these requirements shall waive and forfeit any and all rights to appear separately and/or to object, and shall be bound by all the terms of this Settlement, and by all proceedings, orders, and judgments.

Further Papers In Support Of Settlement and Fee Application

25. Plaintiff shall file his motion for final approval of the settlement, and his application for attorneys' fees, costs, and expenses, and for a Service Award for Plaintiff, no later than 30 days before the Final Approval Hearing.

26. No later than 40 days prior to the Final Approval Hearing, the Settlement Administrator shall provide to counsel for all Parties a declaration stating that the Notice required

by the Agreement has been completed in accordance with the terms of the Preliminary Approval Order and identifying each Settlement Class Member who chose to Opt-Out of the Settlement.

27. Plaintiff and Settlement Class Counsel shall file their responses to timely filed objections to the Motion for Final Approval of the Settlement and the Fee Application no later than 14 days before Final Approval Hearing. If Citizens chooses to file a response to timely filed objections to the Motion for Final Approval of the Settlement, it also must do so no later than 14 days before Final Approval Hearing.

Effect of Failure to Approve the Settlement or Termination

28. In the event the Settlement is not approved by the Court, or for any reason the Parties fail to obtain a Final Approval Order and Judgment as contemplated in the Settlement, or the Settlement is terminated pursuant to its terms for any reason, then the following shall apply:

(i) All orders and findings entered in connection with the Settlement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;

(ii) All of the Parties' respective pre-Settlement claims and defenses will be preserved, including, but not limited to, Plaintiff's right to seek class certification and Citizens' right to oppose class certification;

(iii) Nothing contained in this Order is, or may be construed as, any admission or concession by or against Citizens or Plaintiff on any point of fact or law; and

(iv) Neither the Settlement terms nor any publicly disseminated information regarding the Settlement, including, without limitation, the Notice, court filings, orders, and public statements, may be used as evidence. In addition, neither the fact of, nor any documents relating to, either party's withdrawal from the Settlement, any failure of

the Court to approve the Settlement, and/or any objections or interventions may be used as evidence.

Stay/Bar Of Other Proceedings

29. All proceedings in the Action are hereby stayed until further order of the Court, except as may be necessary to implement the terms of the Settlement. Pending final determination of whether the Settlement should be approved, Plaintiff, all persons in the Settlement Class, and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively or in any other capacity) against Citizens any action or proceeding in any court, arbitration forum, or tribunal asserting any of the Released Claims.

30. Based on the foregoing, the Court sets the following schedule for the Final Approval Hearing and the actions which must precede it:

(i) The Settlement Administrator shall establish the Settlement Website and toll-free telephone line as soon as practicable following Preliminary Approval, but no later than the commencement of the Mailed Notice Program;

(ii) Within 30 days of this Order, Citizens and its counsel will provide to the Settlement Administrator, in an electronically searchable and readable format, a Class List that includes the names, and last known mailing addresses, for all identifiable Settlement Class Members as such information is contained in the reasonably available account records, subject to the availability of information in reasonably accessible electronic form, maintained by Citizens.

(iii) Within 30 days after receiving the Class List, the Settlement Administrator shall run the addresses through the National Change of Address Database and shall send the Mailed Notice to Settlement Class Members;

(iv) The Settlement Administrator shall provide to counsel for all Parties a declaration stating that Notice was completed in accordance with the Amended Settlement Agreement;

(v) No later than 30 days prior to the Final Approval Hearing, Plaintiff shall file his motion for Final Approval of the Settlement, and Settlement Class Counsel shall file their Fee Application and Request for a Service Award for Plaintiff;

(vi) Settlement Class Members must file any objections to the Settlement, the Motion for Final Approval of the Settlement, Settlement Class Counsel's Fee Application, and/or the Request for a Service Award no later than 45 days after the Notice Date;

(vii) Settlement Class Members must file requests for exclusion from the Settlement by no later than 45 days after the Notice Date;

(viii) Plaintiff and Class Counsel shall file their responses to timely filed objections to the Motion for Final Approval of the Settlement and Fee Application no later than 14 days before Final Approval Hearing;

(ix) If Citizens chooses to file a response to timely filed objections to the Motion for Final Approval of the Settlement, it shall do so no later than 14 days before Final Approval Hearing; and

(x) The Final Approval Hearing will be held on June 26, 2017 [a date not sooner than 156 days after the Court enters this Order], at 11 a.m./~~p.m.~~ in Courtroom 5D of the Mitchell H. Cohen Building and United States Courthouse, in Camden, New Jersey.

DONE AND ORDERED at the Mitchell H. Cohen Building and United States Courthouse, in Camden, New Jersey this 10th day of January 2017.

**JOSEPH H. RODRIGUEZ**
**UNITED STATES DISTRICT JUDGE**
**DISTRICT OF NEW JERSEY**

cc: All Counsel of Record