## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MARC BLOCK, on behalf of himself and all others similarly situated, | ) ) ) | 1:15-CV-01524 (JHR) (JS) |
| Plaintiff, | ) ) | |
| v. | ) ) ) | |
| RBS CITIZENS, NATIONAL ASSOCIATION, INC., d/b/a "Charter One", | ) ) ) ) | |
| Defendant. | ) ) | |

## ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT AND RELATED RELIEF AND FINAL JUDGMENT

AND NOW, this __21st__ day of __June_____, 2017, upon consideration of

Plaintiff's Unopposed Motion to Grant Final Approval of Certification of a Settlement Class and

Proposed Class Action Settlement, and for other related relief, following a fairness hearing on

June 21, 2017, it is hereby ORDERED and ADJUDGED as follows:

1.  All capitalized terms used herein shall have the meaning set forth in the Settlement

Agreement between the Parties [**DE # 32-2**].

2.  This Court has personal jurisdiction over all of the Settlement Class Members because they

received the best practicable notice of the Settlement, which notice was reasonably calculated,

under all the circumstances, to apprise interested parties of the pendency of the Action and the

terms of the Settlement and to afford them an opportunity to present their objections or to request

exclusion from the Settlement.   The Court also has jurisdiction over Citizens Bank, N.A.

("Citizens"), and over the Plaintiff, all of whom have personally appeared in the Action pending

before this Court.  The Court has subject matter jurisdiction over the Action pursuant to 28 U.S.C.

§§ 1331.

3.  For purposes of effectuating the Settlement, and in accordance with Federal Rules of Civil

Procedure 23(a) and 23(b)(3), the Court certifies the Settlement Classes defined as:

> All persons in the United States who have or had an Account that, (i) was on Citizens' systems between December 1, 2008 and December 22, 2015; (ii) was charged a Usage Fee when the Account's Usage Percentage was equal to, or greater than, the percentage required to avoid a Usage fee; and (iii) the Usage fee was assessed between (x) the time the Account was converted to Citizens' systems or the time the Account was originated at Citizens, and (y) December 22, 2015 ("Usage Fee Class"); and

> All persons in the United States who have or had an Account that (i) included a rider or otherwise prohibited or waived Usage Fees for the life of the Account; (ii) was on Citizens' systems between December 1, 2008 and December 22, 2015; and (iii) was assessed a Usage Fee between (x) the time the Account was converted to Citizens' systems or the time the Account was originated at Citizens, and (y) December 22, 2015 ("Usage Fee Rider Class").

4.  For the purposes of effectuating the Settlement, this action satisfies the applicable

prerequisites for class action treatment under Federal Rule of Civil Procedure 23(a) and (b)(3).

> a.  Numerosity:  In the Action, the parties have determined that over 2,900 individuals,
> spread out across the country, are members of the proposed Settlement Class.  Their
> joinder is impracticable.  Thus, the Rule 23(a)(1) numerosity requirement is met.
> See Stewart v. Abraham, 275 F.3d 220, 226-27 (3d Cir. 2001) ("No minimum
> number of plaintiffs is required to maintain a suit as a class action, but generally if
> the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40,
> the first prong of Rule 23(a) has been met."); Consol. Rail Corp. v. Town of Hyde
> Park, 47 F.3d 473, 483 (2d Cir. 1995) (stating that "numerosity is presumed at a
> level of 40 members").

b. <u>Commonality</u>: The threshold for commonality under Rule 23(a)(2) is not high.  <u>See</u> <u>In re Chiang</u>, 385 F.3d 256, 265 (3d Cir. 2004) (holding that the Rule 23(a)(2) commonality requirement "is not a high bar"); <u>see also</u> <u>Neal v. Casey</u>, 43 F.3d 48, 56 (3d Cir. 1994) ("Because the [Rule 23(a)(2) commonality] requirement may be satisfied by a single common issue, it is easily met . . . ."). Here, the commonality requirement is satisfied because there are multiple questions of law and fact that center on Citizens' class-wide policies and practices and are common to the Settlement Class.

c. <u>Typicality</u>: The Plaintiff's claims are typical of the Settlement Class for purposes of the Settlement because they concern the same alleged Citizens policies and practices, arise from the same legal theories, and allege the same types of harm and entitlement to relief.  Rule 23(a)(3) is therefore satisfied.  <u>See</u> <u>Stewart</u>, 275 F.3d at 227-28 ("Factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the [absent] class members, and if it is based on the same legal theory.").

d. <u>Adequacy</u>: Adequacy under Rule 23(a)(4) relates to: (1) whether the proposed class representatives have interests antagonistic to the Settlement Class; and (2) whether the proposed class counsel has the competence to undertake the litigation at issue. <u>See</u> <u>Bogosian v. Gulf Oil Corp.</u>, 561 F.2d 434, 449 (3d Cir. 1977) (holding that Rule 23(a)(4) requires the absence of any actual conflict of interest between the representative plaintiff and other class members, and the presence of competent counsel to represent the class), <u>cert. denied</u>, 434 U.S. 1086 (1978).  Rule 23(a)(4) is satisfied here because there are no conflicts of interest between the Plaintiff and

3

the Settlement Class, and Plaintiff has retained competent counsel to represent him and the Settlement Class. Settlement Class Counsel here regularly engage in consumer class litigation and other complex litigation similar to the present Action, and have dedicated substantial resources to the prosecution of the Action. Moreover, the Plaintiff and Settlement Class Counsel have vigorously and competently represented the Settlement Class Members' interests in the Action.

e. <u>Predominance and Superiority:</u> Rule 23(b)(3) is satisfied for settlement purposes, as well, because the common legal and alleged factual issues here predominate over individualized issues, and resolution of the common issues for approximately 2,900 of Settlement Class Members in a single, coordinated proceeding is superior to approximately 2,900 individual lawsuits addressing the same legal and factual issues. Under Rule 23(b)(3), "[c]ommon issues of fact and law predominate if they have a direct impact on every class member's effort to establish liability that is more substantial than the impact of individualized issues in resolving the claim or claims of each class member." <u>Sacred Heart Health Sys. v. Humana Military Healthcare Servs.</u>, 601 F.3d 1159, 1170 (11th Cir. 2010) (citations and alterations omitted); <u>see also</u> <u>Sullivan v. DB Invs., Inc.</u>, 667 F.3d 273, 299-300 (3d Cir. 2011) (holding that the predominance requirement is met where there is a "common course of conduct" by the defendant that predominates over any individual issues and can be established through common proof). Based on the record currently before the Court, the predominance requirement is satisfied here for settlement purposes because common questions present a significant aspect of the case and can be resolved for all Settlement Class Members in a single common judgment.

5.   The Settlement Agreement was arrived at as a result of arm's-length negotiations conducted in good faith by counsel for the parties, and is supported by the class representative.

6.   The settlement as set forth in the Settlement Agreement is fair, reasonable, and adequate to the members of the Class in light of the complexity, expense, and likely duration of litigation and the risks involved in establishing liability, damages, and in maintaining the class action through trial and appeal.

7.   The Action is hereby dismissed with prejudice, each side to bear its own fees and costs, except as otherwise provided in the Final Approval Order.  The "Action," as defined in the Settlement Agreement, is *Block v. RBS Citizens, N.A., Inc.*, 1:15-CV-01524 (D.N.J.).

8.   Without limiting the scope of Section IX of the Settlement Agreement, as of the Effective Date, Plaintiff and each Settlement Class Member (who do not timely opt out of the Settlement), each on behalf of himself or herself and on behalf of his or her respective heirs, assigns, beneficiaries, and successors shall automatically be deemed to have provided a full, fair and complete release in favor of Citizens and each of their present, future, and former parents, subsidiaries, divisions, affiliates, predecessors, successors and assigns, including but not limited to Citizens Financial Group, Inc., Citizens Bank of Pennsylvania, and the Royal Bank of Scotland Group, and each of its present and former directors, officers, employees, agents, insurers, shareholders, attorneys, advisors, consultants, representatives, partners, joint ventures, independent contractors, wholesalers, resellers, distributors, retailers, predecessors, successors, and assigns or each of them, of and from any and all liabilities, rights, claims, actions, causes of action, demands, damages, costs, attorneys' fees, losses, and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, that result from, arise out of, are based upon, or relate to the conduct,

5

omissions, duties or matters that were alleged or could have been alleged in the Action including, without limitation: any and all claims for breach of contract, unjust enrichment, breach of covenant of good faith and fair dealing, unconscionability, conversion; any and all claims under federal or state consumer fraud and deceptive or unfair trade practices statutes; any and all claims for consequential, punitive or exemplary damages; any and all claims under federal or state consumer protection laws including, without limitation, the Truth in Lending Act, Fair Credit Reporting Act, or Federal Debt Collection Practices Act claims; and any and all claims for attorneys' fees and costs, damages or other relief, specifically including claims not identified above, that result from, arise out of, are based upon, or relate to the conduct, omissions, duties or matters from (x) the date the respective account was converted to Citizens' systems or from the date the respective account was originated at Citizens, to (y) the date of final approval of the Settlement by the Court that were or could have been alleged in the Action based on, resulting from, or arising out of (a) the calculation, assessment, imposition, amount, payment, collection, or credit reporting of one or multiple Usage Fees on each Settlement Class Members' Account or Accounts, or (b) Citizens' related policies and practices concerning the calculation, assessment, imposition, amount, payment, collection, or credit reporting of, or relating to, Usage Fees. As of the Effective Date, Plaintiffs and each Settlement Class Member shall further automatically be deemed to have waived and released any and all provisions, rights and benefits conferred by § 1542 of the California Civil Code or similar laws of any other state or jurisdiction. Section 1542 of the California Civil Code reads: "§1542. Certain claims not affected by general release. A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

9.   The release in paragraph 8 extends to all Released Claims, known or unknown, suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, contingent or non-contingent, which now exist, or heretofore existed, or may hereafter exist, without regard to the subsequent discovery of additional or different facts or a change in law.  Plaintiff or any Settlement Class Member may hereafter discover facts other than or different from those that he/she knows or believes to be true with respect to the subject matter of the claims released pursuant to the terms of paragraphs 9.01 and 9.02 of the Settlement, or the law applicable to such claims may change. Nonetheless, each of those individuals expressly agrees that, as of the Effective Date, he/she shall have automatically and irrevocably waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, contingent or non-contingent claims with respect to all of the matters described in or subsumed by paragraphs 9.01-9.03.  Further, each of those individuals agrees and acknowledges that he/she shall be bound by the Agreement, including by the releases contained in paragraphs 9.01-9.03, and that all of their claims in the Action shall be dismissed with prejudice and released; even if he/she never receives actual notice of the Settlement, and/or disputes the amount of any distribution of funds or credits from the Settlement, and/or never receives a distribution of funds or credits from the Settlement.

10.      The Settlement Agreement and any terms therein shall not affect in any regard any debt or obligation owed by the Class Representative or any Settlement Class Member to Citizens and/or its clients, principals and their related or affiliated entities pursuant to the terms and conditions of such accounts, loans, or any other debts. The Settlement Agreement does not operate to waive, extinguish, terminate, reduce or affect any debt or obligation owed by the Plaintiff or Settlement Class Members, and shall not impair or limit any right or cause of action or right to

enforce or otherwise collect any underlying debt or amount owed to Citizens, Citizens Financial Group, Inc., or Citizens Bank of Pennsylvania and their clients, principals and their related or affiliated entities.

11.     The Parties to the Settlement Agreement submit to, and this Court expressly reserves and retains, exclusive jurisdiction over the Action and the Parties, including Citizens, Plaintiffs, and all Settlement Class Members, including all Objectors, as set forth in paragraph 12.03 of the Settlement Agreement, to administer, implement, supervise, construe, enforce and perform the Settlement Agreement in accordance with its terms, and to enforce the Final Approval Order.  Without limiting the foregoing, and by way of example only, the Court retains jurisdiction to adjudicate any suit, action, proceeding or dispute arising out of the Settlement Agreement.  The Court shall also retain jurisdiction over all questions and disputes related to the Notice Program and the Settlement Administrator.

12.     Nothing in the Settlement Agreement, or this Final Approval Order and Judgment shall be deemed to be an admission, or to constitute an adjudication by the Court, of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by Citizens or any party of any fault, liability or wrongdoing of any kind whatsoever or of any violation of statute, regulation or law.

13.     The Protective Order entered in this Action [**DE # 26**] shall survive the termination of this Action and continue in full force and effect after the entry of this Final Approval Order and Judgment.

14.     In accordance with paragraphs 9.01-9.03 of the Settlement Agreement, Plaintiffs and all Settlement Class Members, including all Objectors, are hereby barred and enjoined from

asserting any of the Released Claims, including, but without limitation, during any appeals from this Final Approval Order and Judgment.

15.     Plaintiffs' Unopposed Motion for Final Approval of the Class Settlement and Related Relief is GRANTED.

16.     The Action is DISMISSED WITH PREJUDICE and the Class member claims are deemed released to the extent specified in paragraph 8-10 and pursuant to the Settlement Agreement.

17.     Class counsel's Petition for Fees and Costs is GRANTED. An award of $130,173.00 in attorney's fees and costs to Class counsel is approved and is to be paid in accordance with the terms of the Settlement Agreement.

18.     The request for an incentive award of $5,000.00 to the named plaintiff Marc Block is approved and is to be paid in accordance with the terms of the Settlement Agreement.


SO ORDERED.

**JOSEPH H. RODRIGUEZ**
**UNITED STATES DISTRICT JUDGE**
**DISTRICT OF NEW JERSEY**